[No. 12405.   Department One. — December 28, 1889.]

## EMMA F. WOODARD, RESPONDENT, v. GEORGE S. WRIGHT, APPELLANT.

RESULTING TRUST — TITLE HELD AS SECURITY — ENFORCEMENT OF TRUST — ACCOUNTING — REIMBURSEMENT OF EXPENSES. — One who purchases land at the request of another, and takes the deed in his own name to secure a part of the purchase-money advanced by him to the person requesting the purchase, holds the property as trustee for such person; and if allowed by consent to retain the entire management of the property, should be reimbursed, as a condition of enforcing the trust, for the expenses of erecting a fence, constructing a windmill, laying water-pipes, digging a new well, and construction of a new bridge, where it appears that such improvements were absolutely necessary.   Money paid for insurance should also be allowed.   Trustees with invested general powers of control and management are not bound to the strict limitations placed on mortgagees in possession; but are justified in making ordinary repairs and improvements and in insuring the property, and are allowed to hold the estate until reimbursed; nor does the right of reimbursement depend upon the knowledge or consent of the *cestui que trust.*

ID. — PAYMENTS BY TRUSTEE TO BENEFICIARY — PRESUMPTION. — Payments made to a beneficiary by a trustee who has received the income of the

land held in trust, in the absence of an express agreement or understanding to the contrary, will be presumed to have been made on account of the rents, issues, and profits received, and not as advances or loans.

Appeal from a judgment of the Superior Court of Marin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Estee, Wilson & McCutchen*, for Appellant.

*Joseph McKenna*, and *John A. McKenna*, for Respondent.

Paterson, J. — This is an action brought by the plaintiff for a decree adjudging the defendant to be her trustee of the tract of land described in the complaint, and requiring him to execute a deed of conveyance to her. Plaintiff had judgment in the court below, and from that judgment, and an order denying a motion for a new trial, defendant has appealed.

Plaintiff averred in her complaint that the defendant undertook and assumed as her agent, and at her special instance and request, to purchase the land described in the complaint, and take a deed therefor in her name and for her benefit; but fraudulently, and without her knowledge or consent, on the nineteenth day of November, 1877, took a conveyance of the land in his own name and for his own benefit. The defendant admitted that the conveyance was taken in his own name, but denied that it was in fraud of the plaintiff, or against her wish or consent, and averred that the plaintiff knew that the deed was taken in his own name, and that the same was taken at her solicitation and request. He further averred that of the purchase price paid $5,000 belonged to the plaintiff, and the balance thereof, namely, $832.50, was the money of the defendant; that, although the deed was taken in his own name, he received the property in trust for the benefit of the plaintiff, subject, however, to advances of money made and to be made by the defend-

ant to the plaintiff; that since the purchase was made he has paid over to the plaintiff all of the net income arising from the property; that, in addition to the net income derived from the property which has been paid over to the plaintiff, the defendant has paid, laid out, and expended for, and loaned to the plaintiff, since the creation of the trust, and at her special instance and request, various sums of money, amounting to $7,383, in which sum he claims the plaintiff is indebted to him.

The court found that, at the request of the plaintiff, defendant purchased the property, and took a deed in his own name to secure the repayment to him of the sum of $832.50 only, the same being the balance of the purchase price loaned by him to plaintiff to make the purchase; that of the purchase price, to wit, $5,832.50, $5,000 belonged to the plaintiff, and the balance, $832.50, to the defendant; that defendant, immediately after the purchase, and pursuant to his agreement with the plaintiff, took possession of the land as security for the money advanced to make the purchase, and has ever since been in possession of the same; that the defendant, since the purchase, has laid out considerable money for taxes and for necessary repairs, and for expenses of farming the same when the premises were not leased. The court further found: "10. That the rents, issues, and profits arising from said land and premises, and collected by the defendant since the date of purchase, up to the date hereof, are more than sufficient to pay the $832.50, the amount advanced to purchase, and the interest thereon from the 19th of November, A. D. 1877, at the rate of seven per cent per annum up to the date hereof, and all the taxes on said premises paid by defendant, and all the sums of money expended by him for the necessary repairs of said premises, and for the expenses of farming the same, when the said premises were not leased. . . . . 12. That the defendant has never paid to plaintiff any part of the income of said land and premises, as such,

but has made loans to plaintiff, as hereafter set forth; 13. That defendant has made, since the purchase, valuable improvements on said land and premises, but said improvements were put on said land and premises without the consent or knowledge of plaintiff, and there were no special circumstances to justify the making of any of them; 14. That the defendant, after the purchase, made loans of divers sums of money to plaintiff; but that plaintiff never agreed with defendant before, or at the time, or after said loans, either by express verbal terms or in writing, or in any other way, that said loans, or any of them, should be a lien against said land and premises, or against the proceeds thereof; 15. That defendant, after the purchase, made for plaintiff expenditures of money for purposes having nothing to do with the preservation of the land and premises, and in no way concerning the property, but that the plaintiff never agreed with the defendant, before, or at the time, . . . . or in any other way, that said expenditures, or any of them, should be a lien against the said land and premises, or against the proceeds thereof."

As conclusions of law the court found that the defendant took the land simply as a mortgagee to secure only the repayment to him of $832.50, with interest thereon at the rate of seven per cent per annum; that he was entitled to be allowed for his expenditures for taxes, necessary repairs, and expenses of farming, when the premises were not leased; that plaintiff was entitled to have the income arising from the rents, issues, and profits of the land, less said sums allowed the defendant; that the defendant is not entitled to be allowed for moneys expended by him in making improvements, nor for divers sums of money which he had lent to plaintiff after the purchase of the land; that defendant has now no lien or claim against the land, but that plaintiff is entitled to the possession thereof, together with a good and sufficient deed of conveyance from the defendant, and her costs of the action.

There is no doubt that the defendant took the property to be held in trust by him for the plaintiff. The only question in the case is, how much, what items of expenditure, he should be allowed before he is required to convey to the plaintiff.

We think the court erred in refusing to allow the defendant his necessary expenses incurred in erecting a fence around the property, for constructing a windmill, in laying water-pipes for carrying water to portions of the property and the house, for digging a new well, and for the construction of a new bridge. The evidence shows that the defendant, with the consent of the plaintiff, had the entire management of the property. His power to manage the same at will seems not to have been disputed. There is nothing in the record, so far as we can see, to indicate any abuse of authority thus given him. Trustees thus invested with the general power to manage and control the property of the *cestui que trust* are justified in laying out money for the repair and ordinary improvement of property, such as draining, fencing, necessary farm buildings, etc., and they are allowed to hold the estate until the moneys thus expended are repaid. The question of reimbursement does not depend upon the knowledge or consent of the *cestui que trust*. (*Mannix* v. *Purcell*, 19 N. E. Rep. 572; *Myers* v. *Myers*, 2 McCord Ch. 214; 16 Am. Dec. 648; *Hidden* v. *Jordan*, 28 Cal. 309; *Harper's Appeal*, 64 Pa. St. 315; 2 Perry on Trusts, secs. 485, 915; Hill on Trusts, 673.) Assuming that it is necessary in such cases for the trustee to show special circumstances justifying the making of improvements, we think that the thirteenth finding of the court, that there were no such special circumstances, is not supported by the evidence. Nearly all of the items of expenditure for which the defendant claims reimbursement were presented to the plaintiff in an account, and by her approved. This amounted to a ratification of the defendant's acts. Furthermore, the testi-

mony, without substantial conflict, showed that all of the improvements made were absolutely necessary. It is unnecessary for us to recite here the testimony upon which we base this statement. The fence was worthless; the one which defendant put in its stead was substantial, and added a permanent value to the property; the bridge was unsafe, and not worth repair; the new one was therefore necessary and proper; the old well had become exhausted, and it was cheaper to dig a new one than to attempt to repair the old; the windmill and pipes were such as any good husbandman, with the means at hand, would have provided under the circumstances. Defendant also expended money in payment of insurance; for this he should have been allowed. The rule is, that trustees may insure, and it has been held that good management would demand it, but they are not bound to do so. (Perry on Trusts, sec. 527.) The authorities cited by respondent bearing upon the question as to what expenditures may be made by a mortgagee in possession are not in point. This is a case of trust, and trustees with general powers are not bound to the strict limitations which are placed upon mortgagees in possession.

The twelfth finding, to the effect that defendant has never paid to plaintiff any part of the income of the land, is not supported by the evidence. In her examination in chief, the plaintiff testified as follows: "Q. You stated this morning that you received $2,206 from your brother. On what account was that? A. It was on account of the property. Rents that came from Fairfax. Q. That is the way it was given to you from him? A. Yes, sir." The attempt subsequently to qualify and explain this statement was ineffective. The money was actually received by her, and any payments made by the defendant to the plaintiff while he was holding the rents, issues, and profits of the property of his *cestui que trust*, in the absence of an express understanding or agreement

to the contrary between the two, will be presumed to have been payments on account of the rents, issues, and profits thus received by him, and not as advances or loans from him to her.

The finding of the court that the plaintiff never agreed with the defendant that any loans or advances made by the defendant should be a lien against the land, is supported by material evidence. The most that can be said in favor of appellant is, that there is a conflict in the evidence. The finding, therefore, cannot be disturbed.

It is claimed by appellant that the court erred in striking out certain portions of the answer. Those portions are referred to in the transcript as "beginning at the word 'that,' line 16, page 1, and ending at the word 'property,' line 16, page 11, etc." These numbers of the lines and pages refer to the lines and pages of the original answer on file, but furnish us with no information as to what portions of the answer are included therein. Assuming, however, that all of the answer was stricken out except that which is given in the concluding portion of respondent's brief herein, we see no error. All of the matters properly involved in the issues can be determined upon the pleadings as they stand, as well as they could if the portions stricken out had remained in the answer.

Judgment and order reversed, and cause remanded for a new trial.

Fox, J., concurred.

WORKS, J., concurring. — I concur in the judgment of reversal. I do not concur in the statement of Mr. Justice Paterson that the evidence showed a trust in the defendant. He was a mortgagee in possession, and was not entitled to all the credits given him in the foregoing opinion. But the plaintiff having claimed that the relation of trustee and *cestui que trust* existed between the parties, and the cause having been tried on that

theory in the court below, both parties agreeing that there was a trust, some of the items the court below refused to allow the defendant should have been allowed him.  If the action had been brought to redeem, treating the deed held by the defendant as a mortgage, as I think should have been done, the conclusion reached by the court below would have been right.

Hearing in Bank denied.